UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHERYL HALL,

    Plaintiff,

      v.

ARCHITECT OF THE CAPITOL,

    Defendant.

Civil Action No. 21-2571 (RCL)

## MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM IN SUPPORT THEREOF

**TABLE OF CONTENTS**

TABLE OF CONTENTS.............................................................................................................i

TABLE OF AUTHORITIES .....................................................................................................ii

LEGAL STANDARDS ............................................................................................................ 1

ARGUMENT............................................................................................................................ 2

    I.      Plaintiff Cannot Prove Defendant's Actual or Constructive Knowledge of A Dangerous Condition. ......................................................................................... 3

    II.    Plaintiff Has Failed to Produce Expert Evidence Regarding the Condition of The Walkway Stones...................................................................................................... 6

CONCLUSION......................................................................................................................... 7

## TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) ............................................................................................................... 1

*Briggs v. Wash. Metro. Area Transit Auth.*,
481 F.3d 839 (D.C. Cir. 2007) ............................................................................................... 7

*Briscoe v. District of Columbia*,
62 A.3d 1275 (D.C. 2013) ...................................................................................................... 3

*Celotex Corp. v. Catrett*,
477 U.S. 317, (1986) .............................................................................................................. 1

*FDIC v. Meyer*,
510 U.S. 471 (1994) ............................................................................................................... 2

*Harding v. District of Columbia*,
178 A.2d 920 (D.C. 1962) ...................................................................................................... 7

*Jones v. NYLife Real Estate Holdings, LLC*,
252 A.3d 490 (D.C. 2021) ...................................................................................................... 3

*Jones*,
252 A.2d .................................................................................................................................. 3

*Kilby-Robb v. Spellings*,
522 F. Supp. 2d 148 (D.D.C. 2007) ....................................................................................... 1

*Marinopoliski v. Irish*,
445 A.2d 339 (D.C. 1982) ...................................................................................................... 3

*Owen v. United States*,
899 F. Supp. 2d 71 (D.D.C. 2012) ......................................................................................... 6

*Real World Media LLC v. Daily Caller, Inc.*, Civil Action,
No. 23-1654 (JDB), 2024 U.S. Dist. LEXIS 145045 (D.D.C. Aug. 14, 2024) ...................... 5

*Richards v. United States*,
369 U.S. 1 (1962) ................................................................................................................... 2

*Washington Metro. Area Transit Auth. v. Ferguson*,
977 A.2d 375 (D.C. 2009) ...................................................................................................... 3

*Wilson v. Washington Metro. Area Transit Auth.*,
912 A.2d 1186 (D.C. 2006) .................................................................................................... 3

**Statutes**

28 U.S.C. § 1346(b) .......................................................................................................... 2

28 U.S.C. § 2674.............................................................................................................. 2

U.S.C. § 1346(b) ............................................................................................................. 2

**Rules**

Fed. R. Civ. P. 56(a) ........................................................................................................ 1

Other Authorities

*555, LLC*, No. 22-CV-0497,
   2024 D.C. App. LEXIS 284, at *4-5 (D.C. Aug. 1, 2024) ......................................... 2

By and through undersigned counsel, Defendant Architect of the Capitol respectfully moves for summary judgment pursuant to Federal Rule of Civil Procedure ("Rule") 56(a). Plaintiff brought this action under the Federal Tort Claims Act ("FTCA"), seeking damages and attorney's fees for injuries she suffered when she fell on the grounds of the U.S. Capitol. As of this filing, Plaintiff has failed to produce—and she will not be able to produce—evidence sufficient to carry her burden of proof on the applicable standard of care, a deviation from that standard by the Defendant, or a causal relationship between that deviation and her injuries. Accordingly, the Court should enter summary judgment in favor of Defendant.

**LEGAL STANDARDS**

A movant is entitled to summary judgment upon a showing "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment is appropriate when the pleadings and the evidence demonstrate entitlement to 'judgment as a matter of law.'" *Kilby-Robb v. Spellings*, 522 F. Supp. 2d 148, 154 (D.D.C. 2007) (quoting Fed. R. Civ. P. 56(c)). The party moving for summary judgment bears the initial responsibility of showing an absence of a genuine issue of material fact. *Id.* That initial responsibility "may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, (1986). In deciding whether a genuine issue of material fact exists, the court must "accept all evidence and make all inferences in the non-movant's favor." *Kilby-Robb*, 522 F. Supp. 2d at 154. "A non-moving party, however, must establish more than the mere existence of a scintilla of evidence in support of its position." *Id.* (citations and quotation marks omitted). That is, "'[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

**ARGUMENT**

Plaintiff's case fails under District of Columbia tort law. Federal district courts have exclusive jurisdiction under the FTCA over certain tort claims involving "injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *See* 28 U.S.C. § 1346(b); *see also* 28 U.S.C. § 2674 (the United States "shall be liable in the same manner and to the same extent as a private individual under like circumstances"). The "reference to the 'law of the place' means law of the State -- the source of substantive liability under the FTCA." *See FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994); *Richards v. United States*, 369 U.S. 1, 9-10 (1962) (the relevant law for FTCA purposes is the law of the state where the tortious acts took place). Here, because the alleged negligence of the United States occurred in the District of Columbia, Plaintiff must sufficiently allege a cause of action under the tort law of the District of Columbia. 28 U.S.C. § 1346(b); *Meyer*, 510 U.S. at 477-78; *Richards*, 369 U.S. at 9-10.

Under the District of Columbia's tort law, a plaintiff alleging negligence must prove that (1) the defendant owed a duty of care to the plaintiff, (2) the defendant breached that duty, and (3) the breach of duty proximately caused damage to the plaintiff. *Leach v. One Parking 555, LLC*, No. 22-CV-0497, 2024 D.C. App. LEXIS 284, at *4-5 (D.C. Aug. 1, 2024). When, as here, the claim is predicated upon the existence of a dangerous condition, the plaintiff must prove that the defendant had actual or constructive notice of the condition. *Id.* at *5 (citation omitted).

In a case alleging negligence in the maintenance of a building, grounds, or other location, in order to establish the requisite duty, the plaintiff must also show that the defendant either knew or should have known — i.e., had constructive notice — of the hazardous condition creating a

- 2 -

foreseeable risk of injury. *Jones v. NYLife Real Estate Holdings, LLC*, 252 A.3d 490, 495-96 (D.C. 2021); *see also Marinopoliski v. Irish*, 445 A.2d 339, 341 (D.C. 1982) ("[T]he cause of the injury must be foreseeable . . . and the cause must have been present in the area where the injury occurred for a sufficient length of time that the property owner should have known about it.").

To prove constructive notice, "a plaintiff must present evidence that a dangerous condition existed for such a duration of time that had reasonable care been exercised[,] the hazard would have been discovered." *Jones*, 252 A.2d at 495 (citing *Wilson v. Washington Metro. Area Transit Auth.*, 912 A.2d 1186, 1190 (D.C. 2006)). In addition to the duration of time, a court may consider whether the condition was obvious or latent. *Briscoe v. District of Columbia*, 62 A.3d 1275, 1279 (D.C. 2013). And "the fact that a defect exists is not itself sufficient to provide constructive notice of that defect to the entity that maintains the property." *Washington Metro. Area Transit Auth. v. Ferguson*, 977 A.2d 375, 378 (D.C. 2009).

### I.  Plaintiff Cannot Prove Defendant's Actual or Constructive Knowledge of A Dangerous Condition.

Plaintiff alleges that on September 18, 2017, as she was leaving the Capitol Visitor Center, she slipped and fell in a hole in the concrete on one of the walkways. Am. Compl. ¶ 7; *see also* Def. Ex. C, Sep. 18, 2017 Report of U.S. Capitol Police. Plaintiff claims that the hole "was covered and surrounded by a wet slippery pile of fallen leaves on the grounds that had been left uncleared and untended by the defendant's lack of maintenance." Am. Compl. ¶ 7. Consequently, Plaintiff alleges, "she was forcefully slammed into the ground" and sustained serious injuries to various body parts, including the shattering of her knee. *Id.* Plaintiff alleges that the area where she fell was "left in such state of disrepair and deterioration, without maintenance despite the apparent risk and danger to the teeming visitors and citizens, including the plaintiff." *Id.* ¶ 8. Because Plaintiff's claim is predicated upon the existence of a dangerous condition—here, an alleged hole in the

- 3 -

walkway purportedly covered and surrounded by a wet slippery pile of fallen leaves—she must prove that Defendant had actual or constructive notice of the condition. Plaintiff cannot do this.

First, Defendant had no actual notice of a dangerous condition. James Kaufman, who was Deputy Superintendent of Capitol Grounds at the time of Plaintiff's fall, attests that the area surrounding the Capitol Visitors Center where Plaintiff fell was and is constantly under daily surveillance and inspection for hazards such as trash or fallen leaves. *See* Def. Ex. A, Declaration of James Kaufman ("Kaufman Decl."), ¶ 11. If such a condition existed, it was the normal practice of the maintenance staff to report it in Web Total Management Authority ("WebTMA"), Defendant's system for tracking and scheduling maintenance tasks. *Id.* A review of WebTMA for the period covering the week before and after Plaintiff's fall revealed no reports of leaves to be cleared, holes in the ground, or anything that would impede visitor access to the Visitor Center. *Id.* ¶ 12. Thus, Plaintiff cannot show that Defendant had actual knowledge of a hole covered by a pile of wet leaves, nor can she establish knowledge of any other dangerous condition.

Nor can Plaintiff prove that Defendant had constructive knowledge of a dangerous condition leading to her fall. Indeed, Plaintiff's own evidence disproves that such a condition existed. In discovery, Plaintiff produced multiple photographs capturing different angles of the area where she fell. And as the photographs demonstrate, the hole covered by a pile of slippery wet leaves simply did not exist. *See* Def. Ex. B1 – B3. At any given angle, the number of leaves, which appear to be dry, does not exceed two single leaves, which themselves are at a distance from each other. None of Plaintiff's evidence will show the existence of a pile of slippery wet leaves.

Plaintiff's evidence comports with weather reports from the time of her fall. These reports, of which the Court may take judicial notice,[1] indicate that on the day of her fall and in the days preceding, the weather conditions ranged from clear, to scattered clouds, to overcast, to partly sunny, with no record of precipitation. *See* Def. Ex. D1-D3*, Historic Weather Reports for Washington, DC, Sept. 16-18, 2017.*[2] And even if the Court credits Plaintiff's own testimony that the weather had changed from sunny with no precipitation when she first entered the Capitol, to overcast and drizzling when she exited five hours later, no reasonable factfinder would find that the conditions were wet enough to create a hazard of slippery wet leaves. *See* Def. Ex. E, Aug. 20, 2024 Deposition of Cheryl Hall ("Hall Dep."), 24:12-16 ("It was nice when I went in ... [I]t was sunny."); 25:10-14, 26-27.

With respect to the "hole" Plaintiff alleges, this, too, is controverted by the evidence. When shown photographs of the incident and questioned about the hole, Plaintiff's theory changed from a hole covered by a pile of wet leaves, to an "indentation," "unevenness" or "separation of the stones." *See* Hall Dep., 31:7-17. But even Plaintiff's revised theory is controverted by the clear evidence, and no reasonable factfinder would find that such a condition existed at all, much less presented a hazard about which Defendant had constructive knowledge.

Given the above, it is evident that even if the condition Plaintiff describes existed—and the evidence demonstrates it did not—such condition had not existed for any length of time or in any state that would make it obvious to Defendant. Thus, Plaintiff cannot bear her burden to prove that

---

[1]     *See, e.g., Real World Media LLC v. Daily Caller, Inc.*, Civil Action No. 23-1654 (JDB), 2024 U.S. Dist. LEXIS 145045, at *8 (D.D.C. Aug. 14, 2024) ("Judicial notice permits a court to notice an adjudicative fact 'not subject to reasonable dispute'—that is, a fact that is either 'generally known' or that 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'").

[2]     Past Weather in Washington DC, USA, September 2017, https://www.timeanddate.com/weather/usa/washington-dc/historic?month=9&year=2017.

Defendant had actual or constructive knowledge. The Court should therefore grant summary judgment in favor of Defendant.

## II.    Plaintiff Has Failed to Produce Expert Evidence Regarding the Condition of The Walkway Stones.

As demonstrated above, Plaintiff's original allegations—that Defendant was negligent in leaving a hole covered by a pile of slippery wet leaves outside of the Capitol building—are controverted by the evidence, and they fail in any event to establish Defendant's actual or constructive knowledge of a hazard. What is left then, is Plaintiff's new theory: that her fall was caused by a defect in the stones that make up the walkway outside the Capitol. Hall Dep., 31:7-17. This, too, fails, as Plaintiff has not produced the requisite expert testimony to establish the standard of care for such a claim under District of Columbia common law.

To establish negligence on her new theory, Plaintiff must put forth expert testimony to establish what the standard of care is, because here "the subject in question is so distinctly related to some science, profession or occupation as to be beyond the ken of the average layperson." *Owen v. United States*, 899 F. Supp. 2d 71, 79 (D.D.C. 2012) (citation omitted). Not only is it not obvious from the evidence that any hazard existed that could have caused Plaintiff's fall, but Plaintiff's suggestion that the stones were somehow not up to par presents a question beyond the ken of the average layperson. She therefore must produce expert evidence, which she has not done.

Even in cases that appear on first blush to be within the realm of common knowledge, D.C. courts have required expert testimony. For example, the D.C. Court of Appeals has held that the following subjects require expert guidance despite the fact that they might be familiar to jurors: maintenance of leaning trees; application of hair relaxer; tightness of handcuffs; cushioning for the ground underneath playground monkey bars; maintenance of street lights to prevent falling light globes; time frame for ordering building materials on a construction project; response when an

- 6 -

arrestee is found hanging in his cell; and installation of a crosswalk, instead of a stop sign, light, or crossing guard. *Briggs v. Wash. Metro. Area Transit Auth.*, 481 F.3d 839, 845 (D.C. Cir. 2007) (collecting cases); *see also Harding v. District of Columbia*, 178 A.2d 920, 922 (D.C. 1962) (upholding directed verdict for the District where plaintiff's photographic evidence of a hole in the sidewalk was unaided by expert testimony regarding whether the described hole was the result of a recent break or of a gradual deterioration in the area of which the District should have known).

Whether the stones comprising the walkway outside the Capitol were properly laid or maintained is likewise a subject requiring expert guidance. Indeed, Plaintiff appears to realize that it would take a "stone person" to speak on this issue. *See, e.g.*, Hall. Dep., 34:21-35:17. Because she has failed to provide notice of such an expert, she cannot succeed at trial on the essential element of the standard of care arising from uneven stones in the walkway. The Court should therefore enter summary judgment in favor of Defendant.

## CONCLUSION

Plaintiff's negligence claim fails. She cannot establish that Defendant failed at its duty of care. The available evidence definitively disproves Plaintiff's allegations as put forth in her Amended Complaint. And because her new theory—a hazard arising from the condition of the stones—raises a question beyond the ken of the average layperson, it requires expert evidence, which Plaintiff has failed to produce. Accordingly, the Court should enter summary judgment in favor of Defendant. A proposed order is enclosed herewith.

Dated: September 17, 2024
Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: /s/ L'Shaunteé J. Robertson
    L'SHAUNTEE J. ROBERTSON, D.C. BAR #980248
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    202-252-1729
    Lshauntee.robertson@usdoj.gov

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHERYL HALL,

      *Plaintiff*,

        v.

ARCHITECT OF THE CAPITOL,

      *Defendant*.

Civil Action No. 21-2571 (RCL)

## [PROPOSED] ORDER

UPON CONSIDERATION of Defendants' motion for summary, and the entire record herein, it is hereby

ORDERED that Defendants' motion is GRANTED; and it is further

ORDERED that SUMMARY JUDGMENT is entered FOR DEFENDANT.

SO ORDERED:

_____
Date

_____
ROYCE C. LAMBERTH
Senior United States District Judge